UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI J. MOODY,

Plaintiff,

-against-

NORTHEAST ATLANTA EAR NOSE & THROAT, P.C.,

Defendants.

1:26-CV-1480 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Amari J. Moody, who is proceeding *pro se,* has filed an "Emergency Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction" ("first OTSC") (ECF 5) and a "Renewed Emergency Motion for Preservation and Injunctive Relief" ("second OTSC") (ECF 9) seeking immediate injunctive relief. In his first OTSC, Plaintiff seeks preservation of documents, production of documents, a cessation of Defendants' alleged retaliation, and certification regarding record retention. (*See* ECF 5, at 8-9.) In his second OTSC, he seeks similar relief. (*See* ECF 9, at 4.)

To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. To the extent that Plaintiff asserts claims of discrimination and/or retaliation under Title III of the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973, such claims do not appear to arise from discrimination against Plaintiff based on his alleged disability or retaliation against him for his allegedly protected activity. Rather, such claims appear to arise from Defendants' alleged failures to diagnose Plaintiff correctly; alter his medical records to document, as fact, what he believes to be the proper findings and diagnoses for his medical condition(s) and then maintain such corrected records; and, thereafter, provide him with documents for what appears to be medical leave. (*See* ECF 1, at 3-9.) Such claims also arise from Defendants' alleged decision to stop medically treating Plaintiff after they apparently refused to accede to his requests with respect to their abovementioned alleged failures. (*See id.*) In addition, since it appears that all of the Defendants are located, and the alleged events occurred, in Georgia (*id.* at 3, 11-29), this action appears to have been filed in the wrong venue. Accordingly, the Court denies Plaintiff's first and second OTSCs. The Court will issue an explanatory order at a later date.

**CONCLUSION**

The Court denies Plaintiff's requests for immediate injunctive relief. (ECF 5, 9.) The Court therefore directs the Clerk of Court to terminate ECF 5 and 9.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 22, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge